THOMAS H. KING and GRACE KING, d. b. a., *vs.* THOMAS TYLER, for the use of CHARLES K. MURPHY, now for the use of JOHN MURPHY, p. b. r.

*Justice of the Peace—Certiorari—Party Plaintiff—Promissory Note—Suit by a person Having No Apparent Legal Interest in the Note—Pleading—Practice.*

An action can not be maintained when brought by a plaintiff who has no apparent legal interest in the cause of action,

(*April* 17, 1907.)

JUDGES SPRUANCE and BOYCE, sitting.

*Robert C. White* for plaintiff in error.

*Woodburn Martin* for defendant in error.

Superior Court, Sussex County, April Term, 1907.

CERTIORARI.

The record of the Justice set out the following promissory note:

"22.50                    Georgetown, Del. Aug. 22, 1903.

Twelve months after date I promise to pay to the order of Thomas Taylor twenty-two 50–100 dollars without defalcation. Value received. Payable at the First National Bank at Georgetown. This note is binding on our separate estate.
P. O. Georgetown, Del.                    THOMAS H. KING
                                          GRACE KING."

Indorsements on Back of Note:
"THOMAS TAYLOR."

"For value received I hereby assign, and transfer, set over this note to Maj. John Murphy and guarantee same, February 27, 1904. C. K. MURPHY."

The exceptions relied upon were as follows:

1. For that suit is brought in the name of Thomas Tyler when the said Thomas Tyler has no legal interest in the cause of action as filed.

2. For that suit is brought in the name of the wrong party plaintiff, as appears by the promisory note filed which constitutes, the cause of action.

SPRUANCE, J.:—Let the judgment below be reversed.

———•———

REMINGTON MACHINE COMPANY, a corporation of the State of Delaware, defendant below, plaintiff in error, *vs.* THE WILMINGTON CANDY COMPANY, a corporation of the State of Delaware, plaintiff below, defendant in error.

*Warranty—Breach—Evidence——Hearsay — Memorandum—Objections to Testimony—Admissibility of Testimony; Conditionally Relevant.*

1. In an action for breach of warranty of a machine for the manufacture of ice, etc., slips showing the amount of ice used in the business, embracing the ice made by the machine and the ice bought, were offered in evidence. The entries on the slips were made by the plaintiff's bookkeeper, in one instance, on information from plaintiff's ice cream man, who received all of the ice made and bought, and in the other instance on information from the plaintiff's soda man, who was supplied with ice by the ice cream man, verified by the ice cream man; *held* that the slips were admissible as auxiliary to the testimony of the bookkeeper and the ice cream man.

2. Entries made on slips of paper by a bookkeeper, on information furnished him by the ice cream man and the soda man as to the amount of ice used, were entries made in the usual course of business by a person who had no interest to misstate what had occurred, and were admissible in evidence, though the entrant was called to testify, if verified and adopted by him, as auxiliary to his testimony, as exceptions to the rules excluding acts, declarations, etc., of third persons.

3. Where the issue is one concerning the capacity of a machine to conform to the warranty under which it was sold, entries made on slips, in